**UNITED STATES of America,**

v.

**Reginald STEPTOE, Appellant.**

No. 03–3408.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 15, 2005.

Decided Feb. 24, 2005.

---

* This case was submitted to the panel of Judges Nygaard, McKee, and Chertoff. Judge Chertoff resigned after submission, but before the

filing of the opinion. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

Anthony J. Wzorek, Office of United States Attorney, Philadelphia, PA, for Appellee.

Richard D. Malmed, Philadelphia, PA, for Appellant.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Reginald Steptoe was convicted on May 1, 2002, by a jury of depriving a prisoner, Dante Hunter, of his civil rights in violation of 18 U.S.C. § 242. To convict Steptoe under 18 U.S.C. § 242, the Government had to establish, among other things, that Steptoe's conduct deprived Hunter of a right protected by the Constitution or laws of the United States. *Id.* The jury found that Steptoe, a correctional officer, had used excessive force on Hunter in violation of Hunter's right to be free from cruel and unusual punishment. *See* U.S. Const. amend. VIII. We have jurisdiction under 28 U.S.C. § 1291.

Steptoe raises two issues on appeal: whether the District Court erred in not granting him a new trial and whether the District Court erred in admitting an expert's testimony. Because we write exclusively for the benefit of the parties who are well acquainted with the facts and procedural posture of this case, we will recount only those matters relevant to the issues before us.

Steptoe's first claim is that the verdict was against the weight of the evidence, and thus the trial court erred in not granting him a new trial. "A district court can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of

justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson,* 302 F.3d 139, 150 (3d Cir.2002) (quotations omitted). Furthermore, we only reverse a district court's denial of motion for a new trial based on a claim that the verdict was against the weight of the evidence when the court abused its discretion. *Waldorf v. Shuta,* 142 F.3d 601, 621 (3d Cir.1998).

■ Steptoe argues that "[n]ot a single government witness is consistent with or corroborates the testimony of any other government witness...." This is incorrect, as much of the testimony was consistent with and corroborated other testimony.

Correctional officer Linda Burnette testified as follows. She saw Steptoe and other officers punching Hunter in cell # 17 and Hunter did not take, to her knowledge, any offensive action. She ordered Steptoe and the other officers to stop beating Hunter and to cuff him, but no one did so. Hunter fell on the floor and Steptoe and the other officers began kicking him. After running to get help, she saw Hunter crying and "bloody from head to toe" as he was escorted away.

Stacey Culbert corroborated parts of Burnette's account. He testified that he heard Burnette tell the officers to stop and saw two to three officers beating Hunter while he was in a defensive position. Culbert additionally testified that, after Steptoe and Hunter came out of the cell, he saw Steptoe hit Hunter in the back of the head with a walkie-talkie.

Hunter also corroborated parts of Burnette's account. He testified that Steptoe hit him in the face after he entered cell # 17. Hunter stated that he eventually fell to the floor and that, though he did not try to hit the officers, they began kicking him. He further claimed that Steptoe hit him with handcuffs while walking to the elevator.

William Featherer also corroborated parts of Burnette's account. He testified that he saw officers beat Hunter in cell # 17. He also saw officers kicking Hunter while he was on the floor. Featherer corroborated Culbert inasmuch as he testified that he also saw a walkie-talkie being used as a weapon against Hunter. In addition, Featherer corroborated Hunter's claim that Steptoe used handcuffs as a weapon against Hunter.

Finally, former correctional officer Lillian Walker corroborated parts of Burnette's account. She testified that she saw Steptoe and other officers beat Hunter and kick him while he was on the floor in a fetal position. She also saw Burnette come up to cell # 17 and heard her order the officers to stop.

Put simply, this evidence is consistent such that we cannot conclude that the District Court abused its discretion in denying Steptoe a new trial.[1]

Steptoe's second claim is that the District Court erred in admitting the expert testimony of Dr. William Oliver. We generally review the District Court's decision to admit expert testimony for abuse of discretion. *United States v. Mitchell,* 365 F.3d 215, 233 (3d Cir.2004).[2]

1. Furthermore, even if Steptoe's argument were true that "[n]ot a single government witness is consistent with or corroborates the testimony of any other government witness," a new trial would not necessarily be required. The testimony of one uncorroborated witness is sufficient to convict. *See United States v. Perez,* 280 F.3d 318, 344 (3d Cir.2002).

2. The Government argues that Steptoe did not raise in District Court the issue he is currently raising, and thus the Court's decision to admit the testimony should be reviewed under the

Oliver, who appeared as an expert in pathology, pattern injury interpretation, and digital imagery, testified that in his opinion some of the injuries to the face of Hunter were consistent with blows from handcuffs. Steptoe claims that Oliver's testimony suggested conclusions that (1) the handcuff edge came from a perpendicular angle to Hunter's skin and (2) handcuff blows came from both a right and left hand. Hunter then claims that none of the eyewitness testimony supported either of these conclusions and, as a consequence, Oliver's testimony should have been excluded. However, there is no requirement that there be evidence to corroborate the conclusions of an expert or the potential conclusions that might be drawn from an expert's testimony.

Federal Rule of Evidence 703, which Steptoe cites, states in part that "[t]he facts or data ... upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing." *Id.* Steptoe argues that the eyewitness testimony did not support the factual basis from which Oliver formed his opinions. This argument fails because the factual basis of Oliver's testimony was not the eyewitness testimony presented at trial, but rather the pattern of injuries on the photograph of Hunter after the beating (a copy of which was admitted at trial). Thus, the picture of Hunter, which was "made known to [Oliver] ... before the hearing," made up "[t]he facts or data ... upon which [Oliver] based [his] opinion or inference." Fed.R.Evid. 703.

\*    \*    \*    \*    \*    \*

Because the District Court did not abuse its discretion in denying Steptoe's motion

for a new trial or in allowing Dr. Oliver to testify, we affirm.

even more deferential plain error standard. Because we conclude that the District Court did not abuse its discretion, we do not address this issue.